

Priority    X
Send       X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

In re:                              )    Case No. SA CV 02-159 GLT (MLGx)
                                    )
IRVINE SENSORS CORP.                )    [TENTATIVE] ORDER GRANTING
SECURITIES LITIGATION               )    DEFENDANTS' MOTION TO DISMISS
                                    )
                                    )
                                    )    Calendar Item #13 11A
                                    )
                                    )
_____)

Defendants' motion to dismiss is GRANTED with 20 days leave to amend.

## I.    BACKGROUND

Defendant Irvine Sensor Corporation ("Irvine") develops proprietary technologies to produce solid state microcircuitry, and sometimes commercializes its technologies through independent subsidiaries.  In 1998, Irvine formed Silicon Film Technologies ("SFT") as a majority-owned subsidiary to develop and market an electronic film system called EFS-1. Irvine provided approximately $5 million in investments and/or loans to SFT, which also obtained financing from other sources.

Between January 6, 2000, and September 15, 2001 ("Class Period"), several public statements were made about the development progress of

S:\GLT\LC1\Civil\2002\02-0159-MTD\Claims\Securities

39

EFS-1.  In September 2001, Irvine announced it would no longer fund SFT, SFT filed for bankruptcy, and Irvine stock prices dropped to a low of $0.12 per share from a Class Period high of $14 per share.

Plaintiffs, individuals who purchased Irvine securities during the Class Period, sued Defendants[1] for federal securities law violations, alleging claims of fraud and control person liability.  Defendants bring a motion to dismiss Plaintiffs' Consolidated Amended Complaint.

## II.  DISCUSSION

The function of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims stated in the complaint.  The Court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Thus, the question is whether the facts alleged, if true, would entitle the plaintiff to any form of relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the court cannot consider new facts not alleged in the

---

[1]Defendants include Irvine, several of Irvine's officers and directors, and an officer and director of SFT.

complaint, but asserted in plaintiff's opposition papers, to determine a motion to dismiss pursuant to Rule 12(b)(6). See Heliotrope Gen'l, Inc. v. Ford Motor Co., 189 F.2d 971, 979-80 (9th Cir. 1999); Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998).

A.    Fraud

Plaintiffs allege Defendants made false and misleading statements about the development progress of EFS-1 during the Class Period, and caused Plaintiffs to purchase Irvine stocks and suffer damages after EFS-1 failed. The Private Securities Litigation Reform Act (PSLRA) and the Federal Rules require Plaintiffs to plead fraud claims with particularity to ensure "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985); see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) (explaining allegations cannot be conclusory, but must identify the fraud circumstances with sufficient detail for defendant to prepare an answer). Defendants contend Plaintiffs fail to allege falsity, scienter, and the role of the individual Defendants with sufficient particularity.

1.    Falsity

The PLSRA requires Plaintiffs to specify each false representation, including why each alleged misstatement was false when made. See In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (9th Cir. 1998) (requiring the who, what, when, where, and how of the alleged fraud).

Plaintiffs identify the approximate date, source, and content of sixteen allegedly false statements made by Defendants.  Plaintiffs sufficiently specify why each of the alleged misrepresentations in paragraphs 46, 47, 64, 73, 75, 79, 84, 85, and 88, were false when made.  Each of these alleged misstatements are followed by allegations explaining their falsity.

Plaintiffs do not adequately state why the alleged misrepresentations in paragraphs 49, 51, 54, 58, 60, 66-68, and 71, were false when made.  While each of these alleged misstatements are also followed by allegations purporting to explain their falsity, the allegations do not actually show these statements to be false.  Defendants' alleged knowledge that less capital would be available after liabilities were paid off and of production delays do not show Defendants' statements about a financing agreement and a purchasing order were false.  See Complaint, at ¶¶49, 50, 53-55.  Defendants' alleged knowledge that production delays would prevent the release of the product "within the first six months of 2000" do not make false Defendants' statements about taking orders for and plans to release EFS-1 in late Summer 2000.  See Complaint, at ¶¶51, 53, 58, 60, and 61.  Also, Defendants' alleged awareness of facts specified by Plaintiffs - relating to production delays, design problems, and the absence of a working prototype and certification - do not show the falsity of Defendants' statements about changes to its board of directors and participation at a trade show.  See Complaint, at ¶¶66-69, 71-72.

### 2.   Scienter

PLSRA also requires Plaintiffs to plead with particularity facts concerning scienter.  See Ronconi v. Larkin, 253 F.3d 423, 429 (9th Cir. 2001) (requiring particular facts to establish intent or

deliberate recklessness concerning the alleged misstatements). Under the PSLRA:

> [Plaintiffs] can no longer aver intent in general terms of mere "motive and opportunity" or "recklessness," but rather, must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent.

In re Silicon Graphics, Inc. Sec. Litig., 183 F.3d 970, 979 (9th Cir. 1999). Allegations limited to defendants' motive and opportunity to defraud plaintiffs or defendants' knowledge or awareness based on their affiliation with the company do not establish intent under the PLSRA. See id.

Throughout the Complaint, Plaintiffs repeatedly conclude Defendants "knew" various facts, but do not allege facts to support that conclusion. Plaintiffs allege certain confidential, unnamed sources within Irvine were aware of facts tending to show Defendants' statements were too optimistic, but do not allege facts to show Defendants themselves were informed or aware of these facts. Plaintiffs also do not allege facts to show information known to SFT and/or other individuals were known to Defendants. Overall, it appears Plaintiffs attribute knowledge to Defendants based solely on their positions within Irvine. This is insufficient to establish scienter.

### 3.    Role of Individual Defendants

Fraud claims involving several defendants must specify each defendant's role in the fraud. See Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993). Defendants contend the Complaint treats the individual Defendants as a group, along with Defendant Irvine, and does not allege how, why, and which of the individual Defendants is responsible for each statement.

Plaintiffs argue each of the individual Defendant is responsible for all of the alleged misrepresentations issued during his tenure at Irvine, and the responsible Defendants can be discerned by comparing the dates of the alleged misrepresentation with the dates each Defendant served as a director or officer of Irvine.[2/] Plaintiffs refer to the group pleading doctrine in support of its contentions.

Under the group pleading doctrine, in cases of corporate fraud where the false or misleading information is conveyed in prospectuses, registration statements, annual reports, press releases, or other "group published information," it is reasonable to presume that these are the collective actions of the officers. <u>Blake v. Dieordoff</u>, 856 F.2d 1365, 1369 (9th Cir. 1988); <u>Wool v. Tandem Computers Inc.</u>, 818 F.2d 1433, 1440 (9th Cir.1987). Under such circumstances, a plaintiff fulfills pleading requirements by pleading "the misrepresentations with particularity and where possible the roles of the individual defendants in the misrepresentations." <u>Wool</u>, 818 F.2d at 1440.

Contrary to Plaintiffs' contentions, <u>Blake</u> and <u>Wool</u> do not stand for the proposition the individual Defendants may be presumed to be responsible for the alleged misrepresentations solely because of their positions as officers and directors. In <u>Blake</u>, the presumption of collective action was found to be applicable because the complaint alleged "where possible, the role of the individual defendants in

_____

[2/]In their opposition brief, Plaintiffs matched each alleged misstatement with individual Defendants. <u>See</u> Pl's Opp. Brief, at 20, nt. 15. Since neither this information, nor facts explaining why each Defendant is responsible for statements made during a particular period, is in the Complaint, they cannot be considered by the Court. <u>See</u> <u>Heliotrope Gen'l, Inc. v. Ford Motor Co.</u>, 189 F.2d 971, 979-80 (9th Cir. 1999)

preparation and dissemination" of the allegedly misleading publications.  Blake, 856 F.2d at 1369.  In Wool, the complaint alleged facts to show "the individual defendants are a narrowly defined group of officers who had direct involvement not only in the day-to-day affairs of [the corporation] in general but also in [the corporation's] financial statements in particular."  Wool, 818 F.2d at 1440.

Here, the Complaint treats the individual Defendants as a single unit along with Irvine, and does not allege when each Defendant became involved with Irvine or SFT, the extent to which each Defendant was involved in the day-to-day operation of Irvine or of SFT, the role of each Defendant in preparing or disseminating each of the alleged misrepresentations, or how each Defendant may have become aware of information alleged to demonstrate the falsity of the alleged misrepresentations.  Plaintiffs' allegations do not satisfy the requirements of the group pleading doctrine.[3]

Defendants' motion to dismiss the fraud claim is GRANTED with 20 days leave to amend.

---

[3]Defendants contend the group pleading doctrine did not survive the enactment of the PSLRA.  The majority of district courts in the Ninth Circuit have reached the opposite conclusion. In re Secure Computing Corp. Sec. Litig., 120 F.Supp.2d 810, 821, 822 (N.D.Cal. 2000).  See, e.g., In re PETsMART, Inc. Sec. Litig., 61 F.Supp.2d 982, 997 (D.Ariz.1999) ("the doctrine survives the PSLRA"); Pegasus Holdings v. Veterinary Ctrs. of Am., Inc., 38 F.Supp.2d 1158, 1165 (C.D.Cal.1998) ("non-speaking defendants may be held liable on a 'group pleading' theory"); In re Stratosphere Corp. Sec. Litig., 1 F.Supp.2d 1096, 1108 (D.Nev.1998) ("Defendants offer no case authority for their proposition that group pleading has been sub silentio abolished by the PSLRA, and this Court declines to adopt such a proposition"); In re Silicon Graphics, Inc. Sec. Litig., 970 F.Supp. 746, 759 (N.D.Cal.1997); but see Allison v. Brooktree Corp., 999 F.Supp. 1342, 1350 (C.D. Cal.1998).  Since the Ninth Circuit Court of Appeals has yet to hold the PSLRA abolished the group pleading doctrine, this Court declines to do so.

B.    <u>Control Person Liability</u>

Plaintiffs also allege a claim of control person liability against the individual Defendants.  In order to establish control person liability, a plaintiff must first establish a primary violation of securities law.  <u>Howard v. Everex Systems, Inc.</u>, 228 F.3d 1057, 1065 (9th Cir. 2000).  As discussed above, Plaintiffs have not stated the primary fraud claim with sufficient particularity.

Defendants' motion to dismiss the control person liability claim is GRANTED with 20 days leave to amend.

III. <u>DISPOSITION</u>

Defendants' motion to dismiss is GRANTED, with 20 days leave to amend.

DATED: April 2 , 2003.


GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE